## BEDFORD *v.* BURTON.

Where a woman, with the consent of her husband, bought land, and gave her
    promissory notes for part of the purchase-money, which bear ten per cent
    interest per annum, a rate allowed by the laws of the State when a special
    contract therefor is made, and the vendor reserved in the deed a lien to secure
    the payment of the notes, and she and her husband went into possession, erected
    permanent improvements, and made payments on the notes, — *Held,* 1. That
    she, though consenting to account for rents and profits, is not entitled, by
    reason of her coverture, to have the sale set aside and the purchase-money
    already paid refunded; nor will she or her husband be allowed anything for
    the improvements. 2. That for the amount remaining due upon the notes,
    according to their tenor and effect, the lien may be enforced by a sale of the
    land.

APPEAL from the Circuit Court of the United States for the
Middle District of Tennessee.

The case is fully stated in the opinion of the court.

*Mr. R. McPhail Smith* for the appellants.

*Mr. A. A. Freeman* and *Mr. John W. Burton* for the appellee.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case arises on a bill in equity filed by G. W. Burton,
the appellee, alleging that in February, 1872, he sold and con-
veyed to America Bedford, one of the appellants, wife of John
R. Bedford, the other appellant, in fee, for her separate use,
free from the control of her husband, a certain tract of land in
Tennessee, for the consideration of $7,500, one-third of which
was paid down, and the balance secured by the promissory
notes of Mrs. Bedford, drawing interest at the rate of ten per
cent per annum. The deed of conveyance specified these
notes, and reserved a lien on the land for the payment thereof.
The notes were paid in part but not in full, and the bill was
filed for the foreclosure and sale of the land to raise the bal-
ance due. The defendants, Bedford and wife, filed a demurrer,
which was overruled, and thereupon they filed an answer and
cross-bill, admitting the facts stated in the bill, and that they
took and still had possession under the purchase; and the
cross-bill alleged that the defendants had made permanent im-
provements on the land to the value of $500; and claimed that
the sale was void because of the coverture of the grantee, and

prayed that it might be declared void, and that Burton should be decreed to refund the amount paid on the purchase, together with the value of the improvements, with interest, after deducting the value of the rents whilst the property was occupied by the defendants. Burton demurred to the cross-bill; and on final hearing the court sustained this demurrer, and made a decree for the foreclosure and sale of the property as prayed in the original bill, but declared that the complainant was not entitled to a personal judgment against America Bedford. From this decree the defendants have appealed.

The decree is sought to be reversed on two grounds: *First,* because the sale to America Bedford was void by reason of her coverture, and ought to be declared void, and the money paid by her decreed to be refunded; *secondly,* because the decree gives ten per cent interest on the notes, a rate of interest which is not allowed by the law unless there is a special contract therefor, the legal rate being only six per cent; and a *feme covert* is incapable of making such special contract.

The authorities are numerous and conclusive to the effect that a *feme covert* may, with her husband's consent, take land by purchase, and that a security given thereon by her for the purchase-money will be enforced. It was so held by this court in the case of *Chilton* v. *Braiden's Administratrix,* 2 Black, 458, where a lien for the unpaid purchase-money of land sold to a married woman was enforced by a decree for the sale of the land. Mr. Justice Grier, delivering the opinion of the court, said: " When one person has got the estate of another, he ought not, in conscience, to be allowed to keep it without paying the consideration. It is on this principle that courts of equity proceed as between vendor and vendee. The purchase-money is treated as a lien on the land sold, where the vendor has taken no separate security." In a well-considered case decided by the Chancellor of New Jersey, *Armstrong* v. *Ross,* 20 N. J. Eq. 109, where property was sold and conveyed to a married woman, and she and her husband executed a mortgage for the purchase-money, but the execution by the wife was void because she was not privately examined, it was nevertheless held that the vendor had a lien for the purchase-money, and also that the mortgage, being given for the benefit of her

separate estate, although void as a mortgage, might be decreed a lien on such separate estate.   In the case of *Willingham* v. *Leake*, 7 Baxter, 453, it was held by the Supreme Court of Tennessee that where land was sold and a title bond given to a married woman, who gave her notes for a part of the purchase-money, the vendor's lien could be enforced, although the notes might be void as against the vendee personally.   In the subsequent case of *Jackson* v. *Rutledge*, 3 B. J. Lea, 626, decided as late as December Term, 1879, the same court held that if a married woman buy land, partly for cash and partly on time, and accept a deed of conveyance to her separate use, a lien being retained for the unpaid instalments, she cannot have the money which she has paid refunded merely because of her coverture, and the lien reserved for the payment of the purchase-money may be enforced in equity.   This case was nearly parallel to the present.   A deed was executed to the married woman for her sole and separate use, retaining a lien on the land for the payment of the notes given for the purchase-money, and the grantee and her husband went into possession. A cross-bill was filed, as in the present case, seeking to set aside the contract as void, and for a return of the money paid, and the value of permanent improvements.   A decree for the sale of the land to satisfy the unpaid purchase-money was made by the Chancellor, but no personal decree *against the parties.* This decree was affirmed by the Supreme Court in an elaborate judgment, in which the authorities on the subject are fully reviewed.   The court concludes the examination by saying, "If the conveyance be to the sole and separate use of the married woman, there seems to be no difficulty in treating a debt contracted in the purchase as binding on the property, although not personally obligatory on the. *feme,* because, where she takes possession under the conveyance, the debt is contracted for the benefit of her separate estate."   Again: "Her incapacity to execute valid notes, if we treat the purchase notes as void on that ground, and because not expressly made obligatory on her separate estate, would not affect the vendor's right to subject the land to the satisfaction of the unpaid purchase-money by virtue of the vendor's equity and of the lien reserved. By the delivery and acceptance of the deed of conveyance, the

contract was executed and the title vested in her. She takes the title subject to the charge created by the terms of the deed. *Trezevant* v. *Bettis*, 1 Leg. Rep. 48; *Lee* v. *Newman*, 1 Memph. L. J. 139; *Eskridge* v. *Eskridge*, 51 Miss. 522. Under such circumstances, the married woman is not entitled to have the cash payment refunded. In making the payment, as we have seen, she exercised a right which the law concedes. . . . All she can claim is exemption from personal liability."

These cases, decided by the highest court of Tennessee, where the land lies, and where the transaction took place, are of stringent authority, and they accord with our own views of the law.

It should be added, that by the statute law of Tennessee "married women over the age of twenty-one years, owning the fee or other legal or equitable interest or estate in real estate, shall have the same powers of disposition, by will, deed, or otherwise, as are possessed by *femmes sole* or unmarried women." Code of Tennessee, sect. 2486. This provision would seem to be sufficient to confer upon a married woman, purchasing land to her own use, power to execute a mortgage upon the land to secure the purchase-money, — binding at least upon the land, if not creating any personal obligation against her.

But the present case is a stronger one than that of a mortgage. The deed by which she holds the property is qualified by expressly retaining a lien for the payment of the purchase-money. The lien goes with the estate, and affects it in a manner similar to a condition. It is, indeed, in the nature of a condition impressed upon the estate itself. It makes the deed say in effect, "I convey to you the land, but only upon the condition that you pay the notes given for purchase-money; if they are not paid, I am to hold it as security."

This peculiar character of the lien seems to be a good answer to the second ground for reversal, — the reservation of interest at the rate of ten per cent per annum on the notes. Ten per cent is not an unlawful rate of interest in Tennessee. It may be reserved, if the parties so agree. If they make no agreement, the law gives six. The agreement to pay ten per cent in this case may not be binding on the wife personally,

but it is not binding on the same ground that the principal is not binding upon her personally. Nevertheless, as it is a rate that may be lawfully stipulated for, — if it is stipulated for, and is made part of the consideration for which a lien is retained on the land, — it is as much secured by the lien as the principal is.

We see no error in the decree, and it is therefore

*Affirmed.*