G. E. CURRY, *Plaintiff in Error,* vs. RICHARD R. WRIGHT, SR., RICHARD R. WRIGHT, JR., and LILLIAN M. WRIGHT-CLAYTON, trading and doing business under the firm name and style of CITIZENS AND SOUTHERN BANKING COMPANY, *Defendant in Error.*

Division A.

Opinion filed May 7, 1931.

Petition for rehearing denied October 2, 1931.

*S. D. McGill,* for Plaintiff in Error;

*Knight, Adair, Cooper & Osborne,* for Defendant in Error.

BUFORD, C. J.—This was a suit by the defendants in error against the plaintiff in error on a note not under seal. The note was as follows:

"One year after date I promise to pay to the order of myself or bearer $5,000.00

FIVE THOUSAND & NO/100 Dollars

at any bank ................., for value received, with interest at the rate of eight per cent. per annum until paid, together with reasonable attorney's fee, if given after maturity to an attorney for collection.

G. E. Curry."

It appears from the record that the defendant was represented in the court below by one entirely ignorant of the law of pleading and not possessed of great knowledge of the English language. The transcript of the record contains no bill of exceptions, probably because counsel who sued out the writ of error here was not connected with the case until after the judgment had been obtained and conditions were such that he was compelled to rely upon the record proper.

It is not necessary to discuss the several so-called pleas to which demurrers were sustained. There were two sets of such pleas. The second plea of the second set of pleas reads as follows:

"For a Second Plea the defendant says, that the said note or said alleged note was never delivered to the Plaintiffs but on the other hand was left with the Plaintiff, Richard R. Wright, Srl. 'IN ESCROW' to be delivered to the said Plaintiffs or the duly elected officers of a Negro Bank to be established by the said Plaintiffs and their associates, in the City of Jacksonville, Florida, if and when said Bank had been opened in the City of Jacksonville, Florida."

While this plea is crude and deficient, from it may be reasonably culled the statement of a good defense to this action. The plea alleges that the note was delivered in escrow to Richard R. Wright, Sr. Richard R. Wright, Sr.

appears to be the senior partner of the co-partnership instituting this litigation. Where notice is obtained by one partner in reference to any matter relating to a transaction within the ordinary scope of the firm's business it is notice to all partners. Overall vs Taylor, 99 Ala. 12, 11 Sou. 738; Renfro vs Adams, 62 Ala. 302; Loeb vs Stern, 198 Ill. 371, 64 N. E. 1043; Patterson vs Seaton, 70 Iowa 689, 28 N. W. 598; Rhett vs Poe, 11 Law. Ed. 338.

It is also well settled that the acts of one partner in transacting matters and business for the firm are presumed to be known to all the members of the firm and, therefore, any infirmity in regard to the note here sued upon which was known to Richard R. Wright, Sr. is presumed to have been known by all members of the partnership. The partnership stands as the original parties dealing with the defendant. See German-American Bank vs. Magille, 102 Wis. 582, 78 N.W. 782.

It is well settled that no contract arises on a bill or note until the delivery of the instrument and, until such delivery, it remains revocable and unenforceable. Wells vs Van Sickle, 64 Fed. 944; Hopper vs. Eiland, 21 Ala. 714; Atwood vs Atwood, 68 Conn. 579; Reese vs Fidelity Mutual Life Association, 111 Ga. 482, 36 S. E. 637. It is also well settled that, "the delivery may be a conditional one to take effect only on the happening of a future contingency." Ware vs. Allen, 128 U. S. 590, 32 Law Ed. 563 and cases above cited.

"A delivery may be shown to have been conditional or for a special purpose only and not for the purpose of transferring the property in the instrument as between the immediate parties or one not a holder in due course." Sayre vs Leonard, 57 Colo. 116, 140 P. 196.

The fourth assignment of error challenges the validity

of the judgment for attorney's fees. The declaration does not support the judgment for attorney's fees under the rule established in the case of Brett vs. First National Bank of Marianna, 97 Fla. 284, 120 Sou. 554, and Brooks vs. Roberts, 97 Fla. 374, 120 Sou. 765, and which has been uniformly followed since the filing of opinions in those cases.

For the reasons stated the judgment is reversed and, as it is apparent from the record that the defendant may have a meritorious defense to this action, it is directed that he be allowed to plead further.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

---

ON PETITION FOR REHEARING.

PER CURIAM.—This case is before the Court on petition for rehearing. The petition for rehearing is grounded upon the following statement contained therein:

"That said opinion and the order of this Court were based upon the consideration of an assignment of error expressly abandoned by plaintiff in error. This court in reversing the judgment of the Court below based its opinion on the finding that while the second plea of the second set of pleas was crude and deficient, there might reasonably be culled from the statement a good defense to the action of appellees against appellant. This plea was stricken by the ruling of the trial Court in sustaining the plaintiff's demurrer filed April 2, 1928, to the amended pleas of the defendant, filed March 5, 1928, which pleas are denominated by this Court, 'The Second Set of Pleas' and this ruling was the basis of assignment of error numbered two. The plaintiff in error

expressly abandoned assignments of error numbered two, three and four, choosing to rely entirely on assignment of error number one and assignment of error number five. Because of this abandonment the defendants in error did not in their brief or at the time of oral argument before this Court seek to sustain the ruling of the lower Court in sustaining the plaintiff's demurrer to the second and third pleas of the second set of pleas filed by the defendant in the lower Court."

Other grounds of the Motion present substantially the same question.

It is true that the second assignment of error was abandoned and that the opinion rests upon the order which was made the basis of that assignment of error.

Technically, therefore, the decision of this Court to that extent is irregular.

When it is considered, however, that the alleged error of the court below in sustaining demurrer to the original plea is made the basis of the first assignment of error, which is not abandoned, the decision and judgment heretofore rendered by this Court should stand if the original plea presented the same defense in substance as the second plea filed March 5, 1928, demurrer to which was sustained and the order thereon made the basis of the second assignment.

The first plea filed December 5, 1927, is crudely drawn in the sense that its form is crude, its sentences badly constructed and its cogency of a low degree, but, when superfluous words and phrases are eliminated from it, the plea presents a good defense. The plea avers that the note was without consideration and the circumstances which show a lack of consideration stand out in the averments of the plea.

As pointed out in the original opinion, the defendants

in error are not purchasers of the note in due course for value but are chargeable with all the infirmities known to the defendant in error R. R. Wright, Sr., and, therefore, the defense of no consideration or failure of consideration is applicable.

Petition for rehearing denied.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., dissents.

DAVIS, J., (dissenting):

The majority opinion apparently adopts as the rule in this state, that the long standing legal maxim "Ignorantia juris neminem excusat" does not apply to lawyers who prepare pleadings in cases, but does apply to every one else. This court has apparently failed to give effect to any such exception in the case of Brett vs. First National Bank of Marianna, 97 Fla. 284, 120 Sou. 554, and the many cases that have followed it, under which lawyers have been denied attorney's fees because they failed to comply with ultra technical rules for pleading and claiming same in declarations and bills of complaint, and I hesitate to depart from well established precedents by making an exception in this case in favor of a party who apparently knowingly and deliberately employed an attorney "entirely ignorant of the law of pleading and not possessed of great knowledge of the English language" to defend his case, as referred to in the opinion of my distinguished brother, Mr. Chief Justice Buford, in the majority opinion, especially when there was such a considerable number of qualified attorneys at the Jacksonville bar from which the party might have selected counsel more able to present his defense, if he has any.