HIGHLAND CRATE COOPERATIVE etc., v. GUARANTY LIFE INSURANCE COMPANY OF FLORIDA, et al.

17 So. (2nd) 515  
April 4, 1944  
Rehearing Denied April 13, 1944

January Term, 1944  
Division B

*Judson & Wilson,* for appellant.

*H. L. Anderson,* for appellees.

THOMAS, J.:

In the abstract, the question before us is the sufficiency of a bill of complaint to withstand a motion to dismiss it. The pleading is quite simple. It contains the averment that

in 1937 an owner conveyed property to a married woman—concededly, she was not a free dealer—and reserved for a period of ten years the right to cut the timber growing on the land. Embodied in the deed was a stipulation "that as part of the consideration . . . for this conveyance the grantee, or her heirs or assigns, will pay all taxes . . . which may be levied or assessed against said lands and timber during the life of this reservation . . . and that in the event the grantor, its successors or assigns, shall be compelled to pay such taxes, by reason of the failure of the grantee, her heirs or assigns, so to do . . . grantor, its successors or assigns, shall have . . . a lien against all or any of said lands . . . in an amount equal to the taxes so paid . . . superior to any other lien thereon."

The grantor eventually conveyed to the appellant the timber "together with all the rights, privileges and property" mentioned in the quotation. The grantee conveyed her title to one of appellees. Meanwhile she or her successor in title failed to pay certain taxes, and the appellant, under the terms of the original deed, discharged them. This suit was then instituted to foreclose the lien for the amount of taxes paid.

Parenthetically, the other appellee is alleged to be the "purported" owner of a mortgage inferior to plaintiff's lien.

In the strictest sense the lien created by the condition in the deed was not a vendor's lien arising by implication of law, but a lien secured to the grantor by contract. It was in effect a mortgage for the balance of the purchase price, McKeown v. Collins, 38 Fla. 276, 21 So. 103; Alabama-Florida Co. v. Mays, 111 Fla. 100, 149 So. 61, or, as it has been otherwise stated, an equitable mortgage, 3 Devlin on Real Estate, 3rd Ed., page 2321. Such a lien is enforceable against the land even though notes evidencing the indebtedness could not be collected because barred by the Statute of Limitations. Wilson, et ux., v. Davis, 80 Fla. 727, 86 So. 686. See also Bedford v. Burton, 106 U. S. 338, 27 Law Ed. 112, 1 Sup. Ct. 98.

The lien under consideration having arisen by express stipulation rather than implication, the question is further

narrowed to the one whether it became binding on a married woman whose husband evidently had no part in the transaction. The appellees urge us to invoke the provisions of Secs. 5674 and 5676 C.G.L. 1927 (Secs. 693.01 and 693.03 Florida Statutes, 1941, and F.S.A.) prescribing prerequisites of a mortgage encumbering the wife's property, namely, the joining of the husband and the separate acknowledgment by the wife.

We are not impressed with the applicability of those statutes to a transaction like the one under study. We have seen that a creditor may resort to the property for the payment of the balance of an agreed purchase price. It is obvious that the promise of the married woman to discharge the taxes was an integral part of the consideration, and by it a lien, very like a condition, fastened on the estate she received. Bedford v. Burton, supra. There was, in these circumstances, no necessity for any instrument executed and acknowledged in accordance with the statutes, as appellees insist, in order to subject the land itself to the payment of the remainder of the purchase price. She, a feme covert, could not receive the title and then, because of her status of coverture, defeat collection of the amount she owed for it. The principle of estoppel would in such a situation immediately suggest itself.

It has been held that if a mortgage is given by a married woman to insure payment by her of part of the purchase price and the instrument is defective because of the failure of the husband to join and the lack of a separate acknowledgment, still the encumbered land may be reached to satisfy the debt. Armstrong v. Ross, 20 N.J. Eq. 109. This case is discussed in Bedford v. Burton, supra. It is our conviction that such a ruling is sound and just; that the purchaser of the property here involved, though she could have escaped personal responsibility for the debt, could not have defeated recovery against the land. This view seems in entire harmony with the provisions of Sec. 2, Article XI, of the Constitution of Florida, relative to charging a married woman's separate property for its purchase price.

There seems little need to dwell upon the matter of the

assignability of true vendors' liens on which the authorities are not in full accord. We have already observed that the lien we are considering is not one in this class. We are convinced the lien sought to be foreclosed was assignable.

It will have been noted that the provisions respecting the lien reserved in the original deed, made a part of the bill of complaint, enured to assignees of the grantor. By the later instrument there were transferred the timber rights and, specifically, the privilege of paying the taxes and enforcing the collection against the property for the amount expended. This, in our opinion, was an effective assignment of the lien in view of the notice given by the recordation, the definite language not only of the original deed but of the subsequent one, and the nature of the lien itself. See 27 R.C.L., page 607, 3 Devlin on Real Estate, 3rd Ed., page 2321.

The order dismissing the bill of complaint is reversed with directions to fix such time as the chancellor may determine for the filing of defendants' answers.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.