REED, Judge.
This is an appeal by the defendant, First National Bank in Fort Lauderdale, from a final judgment rendered by the Circuit Court for Broward County, Florida, on 12 December 1969.
The plaintiffs, Patricia Anne Hunt and Natalie Gail McGinty, alleged that the defendant, as executor of the estate of Ellis W. Ryan, was indebted to each of them for $30,000.00 on promissory notes executed by the decedent, Ellis W. Ryan, prior to his death. The defendant’s answer denied the material allegations of the claim. After an evidentiary hearing the trial court sitting without a jury made the following findings of fact:
* * * * * * “D. The decedent, ELLIS W. RYAN, did execute two promissory notes, one to *482 each of his daughters, the plaintiffs herein. One note was in the amount of $30,-000.00 payable to plaintiff, PATRICIA ANNE HUNT, dated August 1, 1958, and one note was in the amount of $30,-000.00 payable to plaintiff, NATALIE GAIL McGINTY, dated April 1, 1958.
“E. From the evidence, the Court concludes that ELLIS W. RYAN handled many if not all the financial transactions of his daughters during the period in question. At the time of the execution of the notes the decedent was acting as agent or otherwise as a fiduciary for each of the plaintiffs and there was actual delivery of the promissory notes to himself as agent for the plaintiffs. The Court finds that in addition to the actual delivery, plaintiffs have proven all the necessary elements of a constructive delivery of said promissory notes.
“F. This Court having found actual and constructive delivery of the promissory notes makes no determination as to the remaining counts of plaintiffs’ Amended Complaint.”
****** Based thereon a judgment for the plaintiffs was entered on the notes. The appeal is from that judgment.
Before discussing the point on appeal and for purposes of future guidance only, we point out that counsel for the appellees has filed a brief in this court making extensive references to facts allegedly shown by various exhibits which were filed in the trial court as attachments to a motion for summary judgment. Such exhibits are not a proper part of the record to be presented to this court in support of the lower court’s findings of fact where the exhibits were never admitted in evidence. Watson v. Williams, Fla.App.1969, 227 So.2d 226 and Parker v. Parker, Fla.App.1959, 109 So.2d 893. The references in the brief to such exhibits served only to hinder this court in its attempt to determine whether or not the record contained a proper factual basis for the trial court’s findings.
The only point presented by this appeal which we deem it necessary to discuss is whether or not the evidence was sufficient to show that the notes were “delivered” and, therefore, legally effective.
From the record the pertinent facts appear to be the following. The decedent, Ellis W. Ryan, in 1952 bought a bloc of stock for each of his two daughters, the plaintiffs below and the appellees here. One of the daughters was then eighteen, and one was twenty-four years of age. The decedent apparently never delivered the stock certificates to the plaintiffs although the shares were registered in their names. In 1958 the decedent caused the shares to be sold and appropriated the sale proceeds to his own use. Contemporaneously with the sale of the stock, the decedent executed a $30,000.00 demand note to each of the plaintiffs. Ellis W. Ryan died in 1966 without ever having physically delivered the notes to the plaintiffs. The notes were found after Mr. Ryan’s death in his desk in folders one of which bore the name “Pat” and the other of which bore the name “Gail”.
Unquestionably under Florida law “delivery” is necessary to validate a note. Curry v. Wright, 1931, 101 Fla. 1489, 134 So. 508. However, under the Negotiable Instruments Law, Section 674.01, F.S.1957, F.S.A., delivery is defined as “ * * * transfer of possession, actual or constructive, from one person to another.” (Emphasis added.) (All of the controlling facts occurred prior to the enactment of the Uniform Commercial Code.) A constructive transfer has been held to occur where it appears that the maker of the note intends the note to be effective and yet retains the same in his possession for the benefit of the payee. See 10 C.J.S. Bills and Notes § 78, page 513, and In re Shama’s Estate, 1954, 245 Iowa 1039, 65 N.W.2d 360.
*483 We have reviewed the evidence that was presented to the trial court and conclude that there was competent substantial evidence before the trial court from which a finding could be made that the notes in question were executed by-Ellis W. Ryan with the intent that they be immediately effective and that the retention of the same in his possession was solely for the benefit of the payees, the appellees here. Such evidence is the following: (a) Ellis W. Ryan’s statements to his attorney in which he recognized the validity of the notes; (b) his effort to obtain a waiver of the interest on the notes which implies a recognition of the effectiveness of the notes; (c) his failure to destroy the notes after the plaintiffs refused to waive the interest; (d) testimony by plaintiffs’ mother to the effect that Mr. Ryan handled all financial affairs for their family; (e) displays which Mr. Ryan had made on two financial statements showing obligations to the girls in the approximate amount of the notes; (f) statements made in 1964 by Mr. Ryan to one Dorothy Neal Black whom he later married in which he recognized the obligation of the notes; (g) his placement of the notes in folders marked for the girls along with other papers pertaining to their transactions; and (h) the substantial interval of time between the execution of the notes and the decedent’s death during which he preserved the notes. On the basis of that evidence, it is our opinion that the trial court was authorized to conclude that an effective constructive transfer and thus “delivery” had occurred.
The final judgment appealed from is, therefore, affirmed.
Affirmed.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.