QUESTION:
Is a legislator-attorney required by s. 112.313(2), F.S., to file a sworn statement disclosing that the law firm of which he is a member has as a client a corporation which is subject to the regulation of, or has substantial business commitments from, a state or local governmental agency?
SUMMARY:
A legislator-attorney should file a sworn statement disclosing that the law firm of which he is a member has as a client a corporation which is subject to the regulation of, or has substantial business commitments from, a state or local governmental agency, as provided by s. 112.313(2), F.S.
Section 112.313(2), supra, requires a public officer or employee to file a sworn statement disclosing an interest as officer, director, agent, or member of, or owner of a controlling interest in, a business entity which is subject to regulation by, or has substantial business commitments from, a state or local governmental agency. The ninety-nine-year lease held by your corporate client would appear to be a "substantial business commitment" with the governmental agency which holds the fee simple title to the property. And as the governmental agency has retained the authority to regulate the maintenance and development of the leasehold estates on the property owned by it, the operations of the corporation might be said to be subject to the "regulation" of the governmental agency within the purview of the disclosure provision in question. You state no other facts as to the nature of the corporation; and I am assuming, for the purpose of this opinion, that the corporation is a business entity whose activities bring it within the purview of s. 112.313(2).
The real question here, then, is whether the attorney-client relationship is an "agency" relationship within the purview of the statutory provision in question. My predecessor in office answered this question in the affirmative in AGO SC67-12. Accord: Attorney General Opinion SC69-12. The rationale of the 1967 opinion was that an attorney's relationship to his client is one of principal and agent, citing 7 C.J.S. Attorney and Client s. 67; Beasley v. Girten, 61 So.2d 179 (Fla. 1952); and Griffith v. Investment Co.,110 So. 271 (Fla. 1926). It was ruled also that all partners in a law firm are the "agents" of the firm's clients within the purview of s. 112.313(2), supra, on the theory that, generally, a partner is held to act for himself and is the agent for his associates, citing 24 Fla. Jur., s. 70, and under the rule that the acts of one partner in transacting business for the partnership are presumed by law to be known to all members of the partnership firm, citing Cutty v. Wright, 134 So. 508, reh. den. 136 So. 643. It was said that the conclusion that all partners are agents of all the law firm's clients was reinforced by the fact that the income of the law firm was partnership income in which the legislator shared, even though a particular client may be represented by another partner in the firm.
Several sessions of the legislature have been held and the Standards of Conduct Law, ss. 112.311-112.318, F.S., has been amended (by ch. 69-335, Laws of Florida, to extend its provisions to local governmental officers and employees) since the 1967 opinion was rendered, yet no change has been made in the law with respect to the disclosure provision in question. Accordingly, I must advise you to disclose your law firm's attorney-client relationship with a business entity whose operations are subject to regulation by a state or local governmental agency or which has substantial business commitments from such an agency.