335 So.2d 297 (1976)
James W. COOK and Dezzie Lee Cook, Appellants (Plaintiffs),
v.
John Robert MERRIFIELD and Francis E. Merrifield, Appellees (Defendants).
No. W-493.
District Court of Appeal of Florida, First District.
June 25, 1976.
Rehearing Denied August 9, 1976.
Dale E. Rice, Crestview, for appellants.
George Ralph Miller, Andrews & Miller, DeFuniak Springs, for appellees.
MILLS, Judge.
The Cooks filed a suit against the Merrifields seeking to cancel a contract for *298 deed or to foreclose the contract. The Merrifields answered the complaint by admitting or denying the material allegations. After a nonjury trial, the trial court entered a final order in favor of the Merrifields, and dismissed the Cook's complaint with prejudice. The Cooks appealed.
The issue which is determinative of this appeal is whether the contract provided for absolute acceleration.
On 12 February 1967, the Cooks entered into a contract with persons not parties to this suit for the sale of certain real property. On 28 March 1968, those persons assigned their rights in the contract to the Merrifields.
The contract provided that after the Merrifields had made all of the payments and performed all of the covenants in accordance with the contract, the Cooks would convey the property to the Merrifields by warranty deed. The Merrifields agreed to pay the Cooks $141,250.00 in installments due each year on the first of November. The Merrifields also agreed to pay all taxes and assessments imposed upon the property during the term of the contract. It was agreed that the time of payment would be an essential part of the contract. The contract also contained the following clause:
"... In the case of failure of the said parties of the second part to make any of the payments or any part thereof ... this contract shall, at the option of the parties of the first part, be forfeited and terminated, and the parties of the second part shall forfeit all payments made by them on this contract; and such payments shall be retained by the said parties of the first part in full satisfaction and liquidation of all damages by them sustained... . Failure to pay any installment herein promptly when due shall cause the entire indebtedness to become immediately due and payable, and the parties of the second part agree, in the event of any default, to pay all costs incident to said collection including a reasonable attorney's fee."
The Merrifields were late in making the payment which was due on 1 November 1968, as well as the payment which was due on 1 November 1969. The payment for 1970 was not made until 14 December, after both the Cooks and the Merrifields had retained attorneys. At that time, a letter was sent to the Merrifields warning them that if they were late on anymore of their payments suit would be filed. The payments for 1971 and 1972 were paid on time. The payment for 1973 was not made on time, and when payment was tendered on 27 November, the Cooks filed their complaint requesting the court to cancel the contract and to order the Merrifields to vacate the property or, in the alternative, to foreclose. After hearing testimony, the court dismissed the complaint with prejudice, concluding "... that equity dictates that the plaintiffs should not be allowed to accelerate the payments due because the defendants tendered payment before any acceleration occurred or before notice of intent to accelerate the balance occurred."
At the outset, it should be noted that a contract for the sale of land, like the one here, is considered to be a mortgage. In Mid-State Investment Corporation v. O'Steen, 133 So.2d 455 (Fla.App. 1st, 1961), this court found that a contract containing almost the identical language as the contract now before us must be deemed to be a mortgage under the provisions of Section 697.01, Florida Statutes, and therefore is "... subject to the same rules of foreclosure and to the same regulations, restraints and forums as are prescribed in relation to mortgages... ." See also H & L Land Company v. Warner, 258 So.2d 293 (Fla.App.2d, 1972).
The Cooks urge that the court erred in failing to recognize the absolute acceleration called for in the contract when the payment was missed on 1 November 1973.
*299 In Baader v. Walker, 153 So.2d 51 (Fla. App.2d, 1963), the court discussed at length the difference between an absolute acceleration clause and an optional acceleration clause. If an acceleration clause is absolute, the entire indebtedness becomes due immediately upon default of the defendant, but if the acceleration clause is optional, acceleration of the payments does not occur unless the option is exercised. The court stated:
"... We are inclined to the view that when the contract does not in terms make the maturing of the entire indebtedness optional with the payee, but does expressly provide that upon a default the entire sum should at once become due and collectible, such words should be given effect according to their plain import and the intent of the parties as expressed thereby. The decided cases which hold this view, it seems to us, are supported by the better reasoning. No doubt exists where the contract is clearly optional on the part of the creditor. But to hold that a contract is optional which by its express terms is plainly absolute is unwarranted by any known rule governing the construction of contracts."
The pertinent portion of the contract before us provides as follows:
"Failure to pay any installments herein promptly when due shall cause the entire indebtedness to become immediately due and payable ..."
There is nothing in these words to indicate that acceleration is optional with the mortgagees or the Merrifields. The clause is self-executing. When there is a default, acceleration occurs automatically and the entire indebtedness is immediately due.
There are two situations in which foreclosure on an accelerated basis can be denied by the trial court: (1) when acceleration has been waived by the parties; (2) when the conduct of the mortgagee is such that he will be estopped to assert acceleration. Guynn v. Brentmore Farms, 253 So.2d 136 (Fla.App.1st, 1971). In this case, acceleration clearly was not waived by the parties, and the Merrifields were quite aware that if they did not make their payments when due, suit would be instituted by the Cooks. Therefore, in our opinion, the court erred in ruling that "... the defendants tendered payment before any acceleration occurred or before notice of intent to accelerate the balance occurred", since acceleration occurred immediately upon default and there was no need for any notice of intent to accelerate since the acceleration clause was not optional with the mortgagee.
Neither waiver nor estoppel was pled by the Merrifields as an affirmative defense. In addition, Merrifield did not affirmatively allege tender of payment, but merely denied that a default occurred.
The final order is reversed, and this case is remanded for the entry of a judgment of foreclosure in favor of the Cooks which will include the appropriate assessment of attorney's fees and costs in favor of the Cooks.
McCORD, Acting C.J., and SMITH, J., concur.