THOMAS B. ELLIS, ET AL., APPELLANTS, VS. GEORGE R. FAIRBANKS, APPELLEE.

1. Where lands are mortgaged to secure a debt, and a part of said lands are subsequently sold and conveyed by the mortgagor, the portion remaining unsold is primarily liable under the mortgage. A release subsequently given by the mortgagee to the mortgagor of the part unsold without the assent or agreement of the purchaser will not prejudice the rights of such purchaser of the part which was sold, if the mortgagee gave such release with knowledge of the rights and equities of the purchaser. If the part released is sufficient to satisfy the entire debt, the mortgagee can not resort to the part which has been sold, but such release operates as a discharge of the lien to the extent of the value of the land released.

2. The fact that the remedy at law is barred by the statute of limitations upon promissory notes secured by a mortgage under seal, does not affect the lien of the mortgage. Such lien is only affected by the longer term which, by the statute, is applied to sealed instruments. The lien of such mortgage can be enforced not only as between the mortgagor and mortgagee, but also as to purchasers of the mortgaged land from the mortgagor.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion.

*Cooper & Cooper*, for Appellants.

*W. W. Hampton*, for Appellee.
17

LIDDON, J.:

This case is the separate appeal of Fannie W. L'Engle, as executrix of Edward M. L'Engle, deceased, from an interlocutory order sustaining exceptions to a separate answer filed by her testator, and adopted by her, in a chancery suit to foreclose a mortgage, in which the appellee was complainant, and the appellant and others were defendants. The title of the case, as above stated, is its title as adopted by the parties, and as set forth in the calendar of the court. Proceedings in summons and severance have been had in the case, but whether any necessity existed for such proceedings, it is useless to say. The other parties not being before the court at all, the title of this case should be Fannie W. L'Engle, as executrix, appellant, vs. George R. Fairbanks, appellee.

So much of the facts of the case as are necessary to be stated in order to dispose of the controversy between the present parties, very much condensed in statement, are as follows: Fairbanks, the appellee, who, for greater convenience, is hereinafter called the complainant, alleged in his bill of complaint, filed September 24th, 1889, the execution of a mortgage by one T. B. Ellis, who was made a party defendant, to the complainant upon certain tracts of land situated in Alachua county, Florida; said mortgage was executed February 20th, 1875, and was duly recorded March 11th, 1875. It was given to secure the payment of four promissory notes, of even date with the mortgage, each for the sum of six hundred dollars, and becoming due and payable respectively on the first day in January of each of the years of 1876, 1877, 1878 and 1879, but bore interest from date, and were executed by said

T. B. Ellis jointly and severally with one T. C. Ellis.
All of these notes were paid in full except the one last
due, which was partially paid. The bill alleged that
this last note was past due and unpaid. The bill fur-
ther alleged that on December 14th, 1876, T. B. Ellis,
the mortgagor, sold and conveyed a portion of the
mortgaged land to one Edwin W. L'Engle, and that
said deed was duly recorded. That at the time of said
purchase the said Edwin W. L'Engle, the purchaser,
had full, actual and constructive knowledge of the ex-
istence and record of said mortgage, and bought the
property subject to the lien of the same. The same
property so conveyed to the said Edwin W. L'Engle
was by him in October, 1883, conveyed to Edward M.
L'Engle, the testator of the appellant, and who was
made a party defendant to the bill of complaint. Af-
ter the purchase by Edwin W. L'Engle, and preced-
ing his sale to Edward M. L'Engle, on February 20th,
1880, the complainant, for a good and valuable consid-
eration, executed and delivered to the mortgagor,
Thomas B. Ellis, a written release under seal, whereby
he released from the lien of said mortgage all the
property embraced therein, except that which had
been previously sold and conveyed by said mortgagor
and his grantee to the testator, Edward M. L'Engle,
as stated, which was specially described and excepted
from such release. The said Edward M. L'Engle is
alleged to have had full, actual and constructive
knowledge of the existence and record of both the
mortgage and the said release before he purchased
said land from Edwin W. L'Engle. The said Edwin
W. L'Engle, it is alleged, advised with and encour-
aged the mortgagor, Thomas B. Ellis, to obtain the
partial release before mentioned. The bill claimed

that the land excepted in the partial release of the mortgage was subject to the lien of the mortgage, and prayed, as against the testator of appellant, for foreclosure and sale of the same for the balance due upon the mortgage debt.

The answer of the said Edward M. L'Engle admitted the material allegations of the bill of complaint. Greatly condensed, its further allegations are to the effect that the lands which had been released by the complainant to the mortgagor, Thomas B. Ellis, were of greater value than the amount remaining due upon the mortgage debt at the time the release was made, and were at the time of the making of the mortgage, and at all times since up to the time of the filing of the answer, far greater in value than the whole original amount of the mortgage debt. The answer further alleged that at the time of the execution of said release, and long before said time, the complainant had notice and knowledge, both actual and constructive, of the conveyance by the mortgagor, Thomas B. Ellis, to said Edwin W. L'Engle, and of the lands which were included in the same, and that complainant, at said time and before, had notice of other sales and conveyances made by said Ellis sufficient to put him upon inquiry. The answer also alleged that complainant had failed to pursue his remedy upon the promissory notes against the makers thereof, both of whom were solvent, and from whom the debt could have been collected, until said notes had become barred by the statute of limitations. The answer claimed that by reason of the facts alleged the complainant could not maintain his suit.

The complainant excepted to all of the affirmative material allegations of the answer, by paragraphs, upon the ground of insufficiency, that the matters

thereof were no defense to the complainant's bill. The exceptions were sustained, and the appellant, who in the meantime had been made a party defendant, as executrix of Edward M. L'Engle, who had died, was granted leave to file a full and sufficient answer. From this interlocutory order she prosecutes the present appeal.

Two questions of law are presented by the record: First, whether a release from the lien of a mortgage by a mortgagee to a mortgagor of a part of the land mortgaged prevents the mortgagee from foreclosing the mortgage against the mortgaged land not released, where such land not released had previous to the release been sold and conveyed by the mortgagor to a third party, and of which sale and conveyance the mortgagee at the time of such release had notice and actual knowledge; second, whether a failure to pursue the remedy at law upon the promissory note of solvent makers, which are secured by a mortgage upon real estate, until such notes are barred by the statute of limitations and the makers become insolvent, prevents the enforcement of the mortgaged lien upon the mortgaged premises as against purchasers of the same. The first proposition must be answered in the affirmative. It is a familiar doctrine, and sustained by many authorities, that where lands are mortgaged to secure a debt, and a part of said lands are subsequently sold and conveyed by the mortgagor, the portion unsold is primarily liable under the mortgage. A release subsequently given by the mortgagee, without the assent of the purchaser of the part sold, to the mortgagor of the portion unsold, will not prejudice the rights of such purchaser if the mortgagee gave such release with notice or knowledge of the

rights and equities of the purchaser. If the part released is sufficient to satisfy the entire debt, the mortgagee can not resort to the part which has been sold (Gaskill vs. Sine, 13 N. J. Eq. 400, S. C. 78, Am. Dec. 105, and authorities cited therein), but such release operates as a discharge of the lien to the extent of the value of the land released. Hoy vs. Bramhall, 19 N. J. Eq. 563, S. C. 97 Am. Dec. 687; Cogswell vs. Stout, 32 N. J. Eq. 240, and authorities cited; Mobile Marine Dock & Mutual Ins. Co. vs. Huder, 35 Ala. 713. The rule being well settled by adjudication, it is unnecessary to discuss the reasons underlying the same. It may be said, however, that this right of a purchaser to claim a non-liability in full or *pro tanto* on account of the release of a fund primarily liable to a mortgage, is an equitable and not a legal right, and is governed by those equitable principles upon which a court of chancery protects the rights of sureties, or those who stand in the situation of sureties. Guion vs. Knapp, 6 Paige, 35, S. C. 29 Am. Dec. 741; Birnie vs. Main, 29 Ark. 591; Parkman vs. Welch, 19 Pick. 231; Sheldon on Subrogation, sec. 74, and authorities cited.

It will be noted that we have above stated that a release by a mortgagee to a mortgagor of land primarily liable to the lien of a mortgage has the effect to discharge wholly or *pro tanto* the land which has been sold by the mortgagor, when such release was made without the assent of the purchaser. In this case the pleadings are far from being as clear and definite as they should be upon this subject, and have occasioned us some difficulty. The bill contains no express allegation that the release by the mortgagee was with the assent of the purchaser. The only averment upon that subject is, that Edwin W. L'Engle, through whom

the testator of the appellant derived title. "advised with and encouraged the said Thomas B. Ellis to obtain said partial release." This averment is not expressly denied by the answer. We can not, however, regard it as a sufficient allegation of assent or agreement upon the part of Edwin W. L'Engle to the release made by complainant to the mortgagor, Thomas B. Ellis, and we, therefore, have no foundation in the record upon which to adjudicate the effect upon the rights and equities of appellant's testator, of such an assent given by his grantor of the premises. We have considered the case as presenting no question of such assent or waiver of his rights by said purchaser from the mortgagor.

Our attention has been called to the case of Jordan vs. Sayre, 24 Fla. 1, 3 South. Rep. 329. In the sixth head-note of this case the following proposition is stated: "A release or estoppel as to a part of the mortgage indebtedness, and as to the lien of the mortgage on a part of the land mortgaged, does not affect the residue of the debt nor the lien of the mortgage as to the remainder of the land." The proposition of law stated in the quoted head-note is not in conflict with any conclusion reached in the case now before us. In the cited case the release complained of was not made by the mortgagee to the mortgagor to the prejudice of the rights and equities of a purchaser of the mortgaged property, but was made of a portion of the land to the purchaser himself who had purchased the entire mortgaged premises. The release was made to the very party complaining of it, with his assent and at his instance and request. The quoted head-note is entirely correct, upon the facts in the case in which it was made. The propositions of law established by it

are entirely inapplicable to the facts of the present case.

The second proposition stated must be settled in the negative. It is settled beyond any doubt or cavil in this State that the fact that the remedy at law is barred by the statute of limitations upon promissory notes secured by a mortgage under seal does not affect the lien of the mortgage, and that such lien is only affected by the longer term which by the statute is applied to sealed instruments. Jordan vs. Sayre, 24 Fla. 1, 3 South. Rep. 329; Browne vs. Browne, 17 Fla. 607. It is contended, however, that such a rule might be applicable to the mortgagor or his legal representatives, but that it has no application to purchasers of the premises from the mortgagor. The contention can not be maintained. The rule was applied as against a purchaser in Jordan vs. Sayre, *supra*. It has also been held as against purchasers of the mortgaged property in other States. Inge vs. Boardman, 2 Ala. 331; Fievel vs. Zuber, 67 Texas, 275, 3 S. W. Rep. 273; Norton vs. Palmer, 142 Mass. 433, 8 N. E. Rep. 346.

In disposing of this case we have considered simply the exceptions as made to the answer, and whether the same were well taken.

The decree appealed from is reversed with directions that such further proceedings be had in the case as may be in accordance with equity and this opinion. /