**THE TRAVIS CO., a Florida corporation, v. TULLY MAYES and MARY LOU MAYES, his wife, et al.**

36 So. (2nd) 264          June Term, 1948
March 30, 1948          En Banc
On rehearing granted July 13, 1948

*Louis Schwarzkopf,* for appellant.
*Price & Price,* for appellees.

PER CURIAM:

Affirmed.

THOMAS, C. J., TERRELL, CHAPMAN and SEBRING, JJ., concur.

TERRELL, J.:

In January 1941, appellant filed its bill of complaint to foreclose a mortgage on Lot 4, Block 16, J. W. Erickson's Subdivision, Miami, Florida. Appellee Anna Engle filed her answer and motion to dismiss, alleging that she had a tax deed to the property which gave her superior title to that of appellants. The motion to dismiss was denied by the chancellor which was on appeal affirmed by this court.

On going down of the mandate the answer was amended, testimony was taken and of final hearing the Master found that the mortgage and note were not barred by the 20 year Statute of Limitations and that appellee's tax deed was void on its face, that it was not admissible in evidence as color of title and that while the Statute of Limitations had not run against appellant's mortgage, the foreclosure suit was barred by laches. The Master further found that the mortgage account was not closed by the Dade County Security Company, appellant's assignor, until January 14, 1931. Appellants and appellee filed exceptions to the Master's report. In his final decree the chancellor approved the Master's report, taxed all cost against appellants and dismissed the suit. This appeal is from final decree.

Counsel are at variance as to what question we should answer. Most of the argument is directed to the point of when the Statute of Limitations begins to run and whether or not laches may be invoked in view of the Statute of Limitations. Stated another way we are concerned with the point of whether or not a default mortgage and note may be barred for laches before the Statute of Limitations runs or when it appears that the Statute of Limitations has not run against it.

The law is well settled that the Statute of Limitations begins to run against a mortgage at the time the right to foreclose accrues. Special Tax School District No. One, Orange County v. Hillman, 131 Fla. 725, 179 So. 805; Bourns v. State

Bank of Orlando and Trust Co., 106 Fla. 46, 142 So. 810; Nevitt v. Bacon, 32 Miss. 212, 86 Am. Dec. 609; Buss v. Kemp Lumber Co., 23 N.M. 567, 170 Pac. 54; Wiltise Mortgage Foreclosure, 3rd Ed. Vol. 1, page 111. The rule is also settled that when a mortgage in terms declares the entire indebtedness due upon default of certain of its provisions or within a reasonable time thereafter, the Statute of Limitations begins to run immediately the default takes place or the time intervenes. Central Trust Co. v. Meridian Light and R. Co., 106 Miss. 431, 63 So. 575, 64 So. 216; Perkins v. Swain, 35 Idaho, 485, 207 Pac. 585, Miles v. Hamilton, 106 Kan. 804, 189 Pac. 926.

It is not disputed that the note and mortgage in question were executed February 3, 1916, and were made payable seven years after date of execution, or February 3, 1923. The present suit was instituted January 18, 1941, which appellants contend is well within the 20 year period of the Statute of Limitation. Appellees contend on the other hand that if no payment was made within three months after February 3, 1916, or by May 4th, following, the mortgage was in default, the Statute of Limitations commenced to run and on May 4, 1936, twenty years thereafter, the right of foreclosure was barred. This contention is predicated on the following provisions of the original mortgage:

"AND WHEREAS, it is agreed that time is an essential in this contract, and if default shall be made in any of the aforementioned payments for the term of three months, or if any of the agreements, covenants or conditions herein contained, shall be violated by said mortgagor, or either of them, then the whole sum secured hereby shall become due and payable and the company shall have the right to immediate foreclosure, with reasonable attorneys' fees, and such taxes, assessments and insurance premiums payable by grantor, but paid by grantee, . . .

In respect to the mortgagor's default and when the statute of limitations commenced to run the Master made the following finding being all the answer we make to this point.

With the previous ledger page, or pages, missing, I am unable to find the condition of the mortgage with respect to de-

fault prior to that time (1928) . . . Neither am I able to find when the mortgage actually went into default."

Since the Chancellor disposed of the case on the ground of laches, we will proceed to consideration of the point of whether or not laches may be invoked in view of the Statute of Limitations. Before considering this point it is not amiss to suggest that appellant contends that the acceleration provision is of no effect here because it was not invoked by the mortgagee. Appellant also contends that payments were made on the mortgage as late as 1928, but appellees dispute this.

The Master and the Court found the plaintiff to be guilty of laches on these facts: The suit to foreclose was brought 25 years after the mortgage was executed and 17 years after the date of its maturity. The defendant had been in possession fifteen years under an alleged tax deed. At the time he went into possession the building on the lot was in bad repair, the foundation was crumbling, the roof was leaking, the house had never been painted and had no bath room. The defendant repaired the foundation, put a new roof, installed plumbing upstairs and down, wired the house for electricity, paid all taxes thereafter assessed against the lands and is still in possession. Since going in possession, defendant has paid $2416.75 in taxes and improvement liens on the property and during the same period he has paid $2328. in repairing the building.

Defendant also averred that she was in actual possession of said lands for four years after she secured her tax deed and that no suit to recover possession was brought within that time. It is alleged that defendant went into possession of the lands described in the bill of complaint, in June 1926, and had been in actual continued adverse possession for more than seven years next prior to filing the bill of complaint and that within one year after taking possession returned said property for taxation and has each year thereafter paid the taxes thereon, including all improvement liens.

The plaintiff has offered no excuse or explanation of the long delay in asserting its claim. The Dade County Security Company, through whom it secured title, was aware of the

facts recited in the preceding paragraph and having taken the mortgage without recourse can assert no greater right than its assignor. It is further contended that the property has enhanced materially in value due to improvements made by defendant and that plaintiff should not now be permitted to assert any claim to the property. It is also alleged that plaintiff secured a large number of other mortgages with the mortgage in question, that it paid the sum of one dollar for the latter, that the assignor and the assignee both had knowledge of the facts on which the chancellor predicated his judgment and the further fact that taxes for the year 1922 and subsequent years had not been paid and that there was a tax deed outstanding.

It may be stated with confidence that ordinary delays will not defeat the Statute of Limitations but under a state of facts like that presented here it would be highly inequitable to permit the plaintiff to enforce its claim against defendant. Marked changes in the condition and relation of the parties connected with delay in asserting claims have been held as a bar to asserting them. Smith v. Daffin, 115 Fla. 418, 155 So. 658; Sharrow v. City of Dania, 131 Fla. 641, 180 So. 18; Norton v. Jones, 73 Fla. 81, 90 So. 854.

In this holding we do not overlook Jordan v. Sayre, 24 Fla. 1, 3 So. 329 and Holiday v. Wade, 117 Fed. (2nd) 154, relied on by appellant. These cases and cases from other states relied on follow the general rule which we approve, but here the special reasons detailed are ample to take the case out of the general rule and support our conclusion that equity may sometimes follow laches rather than the Statute of Limitations. The note and mortgage were twenty-five years old, appellee was in possession in due course, had paid taxes on the property for twenty-six years, had restored it from a practically worthless asset to one of value and appellant asserted no right in it till conditions caused it to spiral in value.

The judgment appealed from is therefore affirmed.

Affirmed.

CHAPMAN, SEBRING and ADAMS, J.J. concur.

THOMAS, C. J., and BARNS, J. dissent.

HOBSON, J., not participating.