366 So.2d 527 (1979)
Walker FLORANCE, As Surviving Trustee under the Will of Lind Lawrence, Deceased, Robert C. Johnson, As Surviving Co-Trustee under the Will of Lind Lawrence, Deceased, and Joan Etz and Marion R. Davis, As Surviving Heirs-at-Law of J.J. Redmond, Deceased, Appellants,
v.
Mary JOHNSON, Formerly Known As Mary Johnson Mitchell, Appellee.
No. 78-760.
District Court of Appeal of Florida, Third District.
January 23, 1979.
*528 Therrel, Baisden, Stanton, Stillman, Brown & Wood, Miami Beach, Fogle, Connelly & Cook and Lewis H. Fogle, Jr., Miami, for appellants.
Morrow & Morrow, Miami, for appellee.
Before BARKDULL, KEHOE and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The final judgment in this case foreclosed a mortgage which secured her home and which had been executed by Mary Johnson on April 29, 1963. The judgment disallowed interest on the note and mortgage from that date until a written and specific demand for payment was made on May 16, 1973, and between the time Ms. Johnson was served with the complaint on April 23, 1976 and the date of the final judgment. In addition, the court applied $1,500.00 in sporadic partial payments which had been made to the reduction of principal rather than to accrued interest, as the note and mortgage provided. Both sides appeal.
As did the trial judge, we reject Ms. Johnson's contention that the action is barred by laches. Any delay in enforcing the mortgagee's rights acted only to her benefit in permitting her to remain in her home; plainly, there was no showing of a detriment or disadvantage to the defendant occasioned by that delay, which is indispensible to a finding of laches. Marshall v. C.S. Young Construction Co., 94 Fla. 11, 113 So. 565 (1927). Furthermore, the trial judge's rejection of the affirmative defense of payment was fully supported by the evidence. We conclude, therefore, that Ms. Johnson's cross-appeal lacks merit.
Despite the lower court's obviously well-intentioned efforts to achieve a sort of rough justice, there thus remains no legal basis for the judgment's disallowance of interest for the two periods to which we have referred, see Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975), nor for its application of payments to principal despite the contrary provisions of the agreement. Both of these aspects of the judgment represent no more than an impermissible attempt to rewrite the contract of the parties. E.g., Florida East Coast R. Co. v. Atlantic Coast Line R. Co., 193 So.2d 666, 668 (Fla. 1st DCA 1966), cert. denied, 201 So.2d 557 (Fla. 1967). Consequently, to this extent, the judgment must be reversed and the cause remanded with directions to redetermine the amount of the judgment, allowing interest for the entire period during which the debt remained unpaid and applying the $1,500.00 in accordance with the terms of the note and mortgage. Moreover, since the agreement provides for attorney's fees to be fixed at 15% of the total sum due, the amount of fees must also be recomputed on the basis of that now-increased amount.
Affirmed in part, reversed in part, and remanded.