HENDRY, Judge.
By this appeal we are asked to review the final judgment quieting title in appellees and denying foreclosure to appellants as to a certain piece of real property located in Dade County, Florida.
For the sake of clarity and convenience in gaining an understanding of the legal and equitable significance of the background facts, the transactions involved shall be presented chronologically as follows:
In 1958: Schwartz, the owner of real property hereinafter referred to as Parcel # 1, conveyed by separate deeds a Vs interest to Housman and a Vs interest to Krasner, and Schwartz retained unto himself a Vs interest.
In 1961: Schwartz executed a note secured by a mortgage on his remaining Vs interest in Parcel # 1, said mortgage also included as security his interest in other properties, Parcel # 2 and Parcel # 3; the mortgagees were his sister and brother-in-law, the Ratners.
In 1963: Schwartz conveyed by warranty deed his remaining Vs interest in Parcel # 1 to Housman, who then possessed a % interest in Parcel # 1. The subject deed made no direct mention of the Ratner mortgage of 1961.
In 1968: Schwartz conveyed his interest in Parcel # 3 to the Ratners.
In 1971: Housman, the purchaser of [2]/s interest in Parcel # 1, died, and appel-lees herein were appointed the coexecu-tors of his estate.
In 1972: The Ratners conveyed their interest in Parcel # 3 to Saligman, Trustee, and Hartquist accompanied by a duly executed Release of Mortgage— releasing Parcel # 3 from operation and effect under the terms of the 1961 mortgage between Schwartz and the Ratners. There was no consideration paid by Schwartz to the Ratners for the Release.
In 1974: The executors of the Housman estate filed the action to quiet title as to % interest in Parcel # 1. Appellants counterclaimed to foreclose the mortgage.
After prolonged hearings before the trial court, a final judgment was entered which quieted title to the claimed % interest in Parcel # 1 in the name of the appel-lees/plaintiffs and/or their successors; can-celled the interests of Schwartz and the Ratners in the subject property; awarded damages to the Ratners against Schwartz on the original note of 1961.
The Ratners, mortgagees under the 1961 mortgage, contend on appeal that the trial court committed reversible error in its ruling; appellants assert that they did not lose their right to foreclose the mortgage against Housman, or his successors, as a result of the conveyance of part of the mortgaged land to a third party accompanied by the Release of Mortgage.
*1328 We have carefully reviewed the record, which includes inter alia, all pleadings, a copy of the subject mortgage and Release, copies of deeds, transcript of deposition, and conclude that the judgment must be affirmed. Under the facts of this case there are two distinctly separate bases upon which the judgment commands affirmance. Firstly, our Supreme Court long ago determined in Ellis v. Fairbanks, 38 Fla. 257, 21 So. 107 (1897), that where lands are mortgaged to secure a debt and a part of said lands is subsequently sold and conveyed by the mortgagor, the portion unsold is primarily liable under the mortgage; the court further stated that a release subsequently given by the mortgagee to the mortgagor of the part unsold without the assent or agreement of the purchaser, will not prejudice the rights of such purchaser of the part which was sold if the mortgagee gave such release with the knowledge of the rights and equities of the purchaser, and if the part released is sufficient to satisfy the entire debt, the mortgagee cannot resort to the part which has been sold but such release operates as a discharge of the lien to the extent of the value of the land released. The instant case falls within the category of cases dealing with such releases executed by the mortgagee subsequent to the subject conveyance. Here, Abraham J. Housman’s deed was recorded nine years prior to the time that the Ratners executed the Release incident to the conveyance by the Ratners of their interest in Parcel # 3. The recor-dation of the deed by Housman put the appellants on notice or possessed of knowledge of the rights and equities with which Housman was vested. Furthermore, as is clear under the Ellis holding, the Ratners cannot now resort to attempts to foreclose on the land sold to Housman in 1963 since the Release operated as a discharge of the lien to the extent of the value of the land released, and the value of the part released in this case was more than sufficient to satisfy the amount of the original debt.
Secondly, we have considered the doctrine of laches as raised in the trial court by the appellees in the nature of an affirmative defense in the foreclosure action. The subject mortgage and note were signed on June 1, 1961 and reflect a maturity date of December 1, 1961; it was not until 1974 that the mortgagees first attempted to collect on the note, and then only after a quiet title action had been filed in which the mortgagees were named as defendants.
In foreclosure proceedings the court may look to the facts of the particular case to determine if equity may follow the doctrine of laches when the mortgagee has slept on his rights as to work an injustice upon the party against whom relief is being sought. Cone Bros. Const. Co. v. Moore, 141 Fla. 420, 193 So. 288 (1940). In the instant case the facts are clearly ample to take the case out of the general rule and support our conclusion that equity may follow laches rather than the Statute of Limitations.[1] See, Travis v. Mayes, 160 Fla. 375, 36 So.2d 264 (1948).
The judgment appealed is affirmed.

. At the time of institution of suit the statute of limitations was twenty years pursuant to Chapter 95, Florida Statutes; in 1974 it was amended to five (5) years under Section 95.11(2)(c), but did not become effective until January 1, 1975.

. This amount is in dispute. The deed recited a consideration of $10.00. The $23,000 figure was arrived at merely by a computation involving the documentary tax stamps affixed to the instrument.