CHARLES MINER, Associate Judge.
This cause is before us on appeal from a summary final judgment ordering appellant Valparaiso Bank to deliver a release and satisfaction of mortgage to appellee Royal Trust Bank upon payment of $27,-654.43 and interest, and ordering Royal Trust to return $184,511.74 received earlier from a deficiency judgment in a related mortgage foreclosure. We observe that the able circuit judge below was faced with a complicated situation, and we commend his effort to do equity. However, we find error, and must reluctantly reverse.
In an earlier action in which Valparaiso was not a party, Royal Trust Bank foreclosed a junior mortgage on 12.4 acres of land and purchased the property at judicial sale. After foreclosure, the land was still encumbered by a senior mortgage with a $378,000.00 balance. This mortgage was secured by two other parcels of land total-ling more than 155 acres. Royal Trust’s parcel thus amounted to roughly 7.3% of the security for the $378,000.00 debt.
By the time Royal Trust received legal title to its land the situation had changed. By what we will generously describe as creative financing, appellant George Bull established a trust using a friend as settlor and Valparaiso Bank as trustee. This trust acquired the senior mortgage, obtained substantial future advances under the mortgage, and used the money to redeem two second mortgages on the other properties securing the senior mortgage. The trust then released the other two properties from the senior mortgage without any consideration. . At all relevant times the senior mortgage was in default.
Due to the future advances, the senior mortgage debt increased from $378,000.00 to over $700,000.00. Because of the releases, Royal Trust’s 12.4 acre parcel was the only asset securing the increased mortgage debt. The two released properties belonged to Bull’s wife Mary and to a corporation Bull owns.
*300 Royal Trust maintains it knew nothing of this when it filed a motion for a deficiency judgment in its still-ongoing foreclosure action. Because there would have been no deficiency if the debt had been $378,000.00 rather than $700,000.00, we remain unconvinced. In any event, Royal Trust received a deficiency judgment based on a $700,-000.00 senior mortgage balance and collected, after various credits and allowances not relevant here, $184,511.74. This satisfied the deficiency in full.
Meanwhile trustee Valparaiso Bank filed suit to foreclose the outstanding senior mortgage. Royal Trust had never admitted the validity of the $700,000.00 figure, although, as described above, it pursued and accepted judgment based on that amount. Royal Trust opposed the foreclosure, reasoning that since it bought the property when the senior mortgage was $378,000.00, and as its 12.4 acres were approximately 7.3% of the security for the mortgage at the time of purchase, that its true liability was only 7.3% of $378,000.00, or $27,654.43.[1] To make this argument, Royal Trust relied on the equitable doctrine of marshaling.
Marshaling, if it applied, could preclude releasing the Bull properties and subjecting Royal Trust to the full burden of the mortgage. However, marshaling does not apply to these facts. Marshaling is an equitable doctrine, and a major consideration in its application is avoiding prejudice to the rights of a purchaser of mortgaged property. See Ellis v. Fairbanks, 38 Fla. 257, 21 So. 107, 108-109 (1897); Ratner v. Miami Beach Beach First National Bank, 368 So.2d 1326, 1328 (Fla. 3d DCA 1979). The doctrine originated to prevent injustice to junior creditors. 53 Am.Jur.2d Marshaling, § 4 (1970). In this case there is no injustice or prejudice to Royal Trust’s rights, because when Royal Trust was awarded a deficiency judgment calculated on a $700,000.00 senior mortgage balance, it was no longer prejudiced by being required to repay that balance. Consequently, marshaling was not properly available to resolve the issues in this case.
This court has carefully considered the other issues raised by the parties, and finds no harmful error. Appellants’ petition for attorney fees is denied.
Accordingly, the cause is REVERSED and REMANDED for further proceedings in accordance with this opinion.
ERVIN and THOMPSON, JJ., concur.

. After accounting for interest and costs, details irrelevant here.