DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AVELO MORTGAGE, LLC,**
Appellant,

v.

**VERO VENTURES, LLC,** a Florida Limited Liability Company; **RICHARD HARVEY; JACK MECCA; EUTELYN SATCHELL; HORNER EQUIPMENT OF FLORIDA, INC.,** a Florida Corporation, n/k/a **HORNERXPRESS-SOUTH FLORIDA, INC.; OSWALD WALKER; ROLLAND AMMONS** d/b/a **PRESTIGE ALUMINUM; DANA FORMAN** d/b/a **JUDGMENT RESOLUTION; WILLIAM & MARLENE MACIAG; MARILYN C. RINEHART; ROBERT P. SUMMERS, ESQUIRE; CAPITAL ONE BANK; CITY OF PORT ST. LUCIE; WASTE MANAGEMENT INC. OF FLORIDA; THE UNITED STATES OF AMERICA; PORT ST. LUCIE UTILITIES DEPARTMENT;** and **BARBARA WAKULA,** deceased,
Appellees.

No. 4D14-4147

[June 27, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 2013-CA-002010.

Diana B. Matson and Joshua R. Levine of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Fort Lauderdale, for appellant.

Louis B. Vocelle, Jr. of Vocelle & Berg, LLP, Vero Beach, for appellee Vero Ventures, LLC.

DAMOORGIAN, J.

Avelo Mortgage, LLC ("Avelo") appeals a summary judgment entered in favor of Vero Ventures, LLC ("Owner") on its quiet title action. For the reasons discussed below, we reverse and remand for entry of summary judgment in favor of Avelo.

**Undisputed Material Facts**

In 2007, Avelo initiated a mortgage foreclosure action against Barbara Wakula ("Borrower") after she defaulted on a $185,000 loan. The

complaint alleged that the loan was secured by a purchase money mortgage and that Avelo was the owner and holder of the subject note and mortgage. In addition to Borrower, the complaint listed Steven and Rose Wallen ("Creditors") as defendants based on a judgment they held against Borrower. In 2010, Avelo's foreclosure action was dismissed for lack of prosecution.

In June 2013, Owner filed an action to quiet title to the subject real property and listed Avelo as a defendant. The complaint alleged that in April 2013, Creditors acquired title to the subject real property by virtue of a Sheriff's deed and thereafter, transferred their interest in the property to Owner via a quit claim deed. The complaint also generally alleged that Owner's interest in the real property was superior to Avelo's interest.

Avelo answered the complaint and denied all of the material allegations, including the allegation that Owner's interest in the subject property was superior to Avelo's interest. Avelo also filed a counterclaim seeking a declaration that its mortgage was a valid, enforceable lien on the subject property and that its interest in the property was superior to Owner's interest. Owner answered the counterclaim and denied all of the material allegations. Owner also raised several affirmative defenses to Avelo's counterclaim, including that enforcement of Avelo's lien was barred by the applicable statute of limitations and repose. Owner's statute of limitations and repose argument was premised on the belief that once Avelo accelerated the underlying note in the dismissed 2007 foreclosure action, the five-year statute of limitations began to run from that date. As Avelo had not re-filed a foreclosure action within those five years, Owner maintained that Avelo was forever barred from enforcing its lien.

The parties eventually each filed motions for summary judgment. In its motion, Avelo argued that pursuant to *Singleton v. Greymar Associates*, 882 So. 2d 1004 (Fla. 2004), the dismissal of the 2007 foreclosure action had the effect of placing the parties back in the same contractual relationship and revoking the declared acceleration. Accordingly, the statute of limitations did not bar a subsequent foreclosure action so long as the subsequent action was predicated upon a separate period of default from the one alleged in the first action. Therefore, Avelo's mortgage remained a valid, enforceable lien on the subject property and, as a matter of law, constituted a cloud on the property for purposes of a quiet title action. Acknowledging the *Singleton* decision, Owner maintained that the holding in that case should not be invoked to bar its quiet title action because enforcement of Avelo's mortgage was barred by laches, the statute of repose, and by the fact that Avelo failed to raise a foreclosure action as a compulsory counterclaim to the quiet title action.

2

Following a hearing on the parties' respective motions, the court entered an order granting Owner's motion for summary judgment on its quiet title action and declaring Avelo's mortgage null and void. Additionally, the court denied Avelo's motion for summary judgment on its declaratory relief action. The court concluded that Avelo's mortgage did not constitute a valid, enforceable lien against the property for several reasons. First, the court reasoned that the holding in *Singleton* should not be invoked to bar Owner's quiet title action because Avelo's prior foreclosure action was dismissed for failure to prosecute. Second, the court concluded that the statute of repose separately barred any future foreclosure action because, by accelerating all sums due and owing under the subject note and mortgage in the 2007 foreclosure action, Avelo changed the final maturity date. Third, the court reasoned that Avelo "unequivocally sat on its hands since 2008" and enforcement of its mortgage was therefore barred by laches. Finally, the court found that Avelo's failure to file a foreclosure action as a "compulsory" counterclaim to the quiet title action necessarily barred any future foreclosure action. This appeal follows.

**Analysis**

*1) Statute of Limitations and Statute of Repose*

We begin our analysis by addressing the trial court's finding that enforcement of Avelo's mortgage was barred by the statute of limitations and statute of repose. The issue of whether acceleration of the amounts due under a note and mortgage in a later dismissed foreclosure action triggers application of the five-year statute of limitations under section 95.11(2)(c), Florida Statutes (2014) has been clearly decided by our supreme court in *Bartram v. U.S. Bank National Ass'n*, 211 So. 3d 1009 (Fla. 2016). In that case, the court held that because the effect of an involuntary dismissal of a foreclosure action is revocation of the acceleration, "the statute of limitations does not continue to run on the amount due under the note and mortgage" regardless of the reason why the dismissed foreclosure action was unsuccessful. *Id.* at 1012, 1020. Pursuant to *Bartram*, the trial court's ruling on the application of the statute of limitations and repose was incorrect. Owner concedes error.

*2) Laches*

We next address the trial court's application of the doctrine of laches in reaching its conclusion that Avelo's mortgage did not constitute a valid lien against the property. "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances

3

prejudicial to the adverse party." *Ticktin v. Kearin*, 807 So. 2d 659, 663 (Fla. 3d DCA 2001). The party asserting the defense must establish legal prejudice which "results when there is a loss or injury to a person who relies on another person's voluntary failure to exercise a legal right." *Pyne v. Black*, 650 So. 2d 1073, 1076 (Fla. 5th DCA 1995). Within the unique context of mortgage foreclosure law, any delay by the mortgagee in enforcing its rights generally acts to the property owner's benefit in permitting him or her to remain in the property and cannot amount to legal prejudice. *Florance v. Johnson*, 366 So. 2d 527, 528 (Fla. 3d DCA 1979) ("Any delay in enforcing the mortgagee's rights acted only to her benefit in permitting her to remain in her home; plainly, there was no showing of a detriment or disadvantage to the defendant occasioned by that delay, which is indispens[a]ble to a finding of laches.").

An exception to this rule applies when the unreasonable delay is coupled with unique circumstances. For example, in *Travis Co. v. Mayes*, the plaintiff brought a mortgage foreclosure action against the defendant twenty-five years after the mortgage was executed and seventeen years after the date of the mortgage's maturity. 36 So. 2d 264, 265–66 (Fla. 1948). At the time the foreclosure action was filed, the defendant had been in possession of the property for fifteen years; had paid all taxes and improvement liens on the property; and had made substantial repairs and improvements to the property. *Id.* at 266. In holding that laches barred the plaintiff's foreclosure action, the court reasoned that "it would be highly inequitable to permit the plaintiff to enforce its claim against defendant." *Id.* at 266–67. The court emphasized the fact that the defendant "had paid taxes on the property for twenty-six years [and] had restored it from a practically worthless asset to one of value." *Id.* at 267.

In the present case, we hold that the court erred in concluding that laches barred enforcement of Avelo's mortgage because Owner failed to establish legal prejudice. Unlike the defendant in *Travis* who had been in possession of the property for fifteen years, had paid all taxes and improvement liens on the property, and had made substantial repairs and improvements to the property, Owner possessed the subject property for no more than two months at the time it filed its quiet title action. Moreover, not only did Owner fail to present any summary judgment evidence showing how or if it improved the property, but the trial court itself did not make findings of prejudice in its final order. Rather, the court based its decision to apply laches solely on Avelo's delay in enforcing its lien. This was clearly erroneous as "[d]elay alone in asserting a right does not constitute laches." *Ticktin*, 807 So. 2d at 663.

4

*3) Compulsory Counterclaim*

Lastly, we address the trial court's conclusion that because Avelo failed to file a foreclosure action as a compulsory counterclaim to Owner's quiet title action, Avelo was forever barred from enforcing its mortgage. Without addressing whether a foreclosure action is in fact a compulsory counterclaim to a quiet title action, we hold that the court's ultimate conclusion that Avelo's failure to file such a counterclaim barred any future foreclosure action was incorrect for two reasons.

First, because "[a] new default, based on a different act or date of default not alleged in [a] dismissed [foreclosure] action, creates a new cause of action," Avelo's failure to file a foreclosure action as a counterclaim could not legally serve to bar a *future* foreclosure action predicated upon a *future* period of default which has not yet occurred. *Star Funding Sols., LLC v. Krondes*, 101 So. 3d 403, 403 (Fla. 4th DCA 2012). This is because "[a] counterclaim that has not accrued is not mature, so that it is not a compulsory counterclaim within the meaning of rule 1.170(a)." *Kellogg v. Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A.*, 807 So. 2d 669, 672 (Fla. 4th DCA 2001).

Second, even if Avelo's failure to file a foreclosure action as a counterclaim barred it from bringing a future foreclosure action, Avelo's mortgage nonetheless remained a valid lien against the property. *See Countrywide Home Loans, Inc. v. Burnette*, 177 So. 3d 1032, 1034 (Fla. 1st DCA 2015) ("Even if the statute of limitations has run on an action to enforce a promissory note and foreclose on a mortgage, the lien against the property remains valid until five years after the maturity date of the debt secured by the mortgage."); *see also Deutsche Bank Tr. Co. v. Ams. v. Beauvais*, 188 So. 3d 938, 953 (Fla. 3d DCA 2016) (holding that the trial court erred in declaring the mortgage null and void and quieting title to the property as the mortgage lien remained valid until the expiration of the statute of repose); *Rodriguez v. Bank of Am., N.A.*, 49 F. Supp. 3d 1154, 1158–59 (S.D. Fla. 2014) (applying Florida law and holding that because the statute of repose had not expired, the mortgage lien remained a valid, enforceable cloud on mortgagor's title, thus precluding a quiet title action).

In conclusion, the trial court erred in quieting title in favor of Owner and declaring Avelo's mortgage null and void as the mortgage remained a valid, enforceable lien on the subject property. Accordingly, we reverse the summary judgment entered in favor of Owner on its quiet title action and remand for entry of summary judgment in favor of Avelo on its declaratory relief action.

*Reversed and remanded.*

KUNTZ, J., and FAHNESTOCK, FABIENNE, Associate Judge, concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**